**JOHN L. BURRIS, Esq., SBN 69888**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VASQUEZ, an individual; R.V., a minor and individual, by and through his guardian ad litem, JESSICA SANTOS. <br><br> Plaintiffs, <br><br> v. <br><br> STANISLAUS COUNTY, a municipal corporation; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C § 1983) <br><br><br> <u>JURY TRIAL DEMANDED</u> |

**INTRODUCTION**

1.      Plaintiff Vasquez was driving his seven-year-old son, Plaintiff R.V. to football practice on his normal route to the football field. Without explanation, a group of Stanislaus sheriff deputies pulled over Plaintiff and held him at gunpoint, including an AR-15, and ordered him from the car.

2.      Within seconds, deputies slammed Plaintiff's head into the concrete causing head trauma and injuries, while his seven-year-old watched and sobbed in the car. Deputies cited Plaintiff for resisting arrest and failing to come to a complete stop at a stop sign, but the District Attorney declined to press charges. Only after Plaintiff was released and cited for resisting arrest, deputies attempted to apologize and explained it was a misunderstanding.

**JURISDICTION**

3.      This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Patterson, Stanislaus, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

**PARTIES**

4.      Plaintiff RICARDO VASQUEZ is a competent adult. Plaintiff is a resident of CALIFORNIA.

5.      Plaintiff R.V. is a seven-year-old male minor and resident of California. Plaintiff R.V. is represented by and through his guardian ad litem and biological mother, JESSICA SANTOS.

6.      Defendant COUNTY OF STANISLAUS (hereinafter "Defendant COUNTY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the STANISLAUS SHERIFF

DEPARTMENT (hereinafter "COUNTY").

7.      Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

8.      In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the COUNTY OF STANISLAUS ("COUNTY").

9.      In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10.      Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11.      Plaintiffs filed a timely government claim with COUNTY, which was rejected on May 16, 2019.

## STATEMENT OF FACTS

12.      On September 27, 2018, Plaintiff Vasquez was driving his seven-year-old son, Plaintiff R.V. to football practice on his normal route to the football field. Unexpectedly, Plaintiff noticed in his rearview mirror a yet-to-be-identified Stanislaus deputy pointing a gun at him and a patrol car with flashing lights.

13.     Within seconds, several more yet-to-be-identified deputies arrived, drew their guns, including an AR-15, and pointed their weapons at Plaintiff and his seven-year-old son, R.V.. Deputies directed Plaintiff to exit the car, which he did. Nevertheless deputies slammed Plaintiff's head into the concrete causing head trauma and injuries, while his seven-year-old sobbed in the car.

14.     Without probable cause or explanation, Defendant deputies arrested Plaintiff Vasquez, brought him to jail and cited him for resisting arrest and failing to come to a complete stop at a stop sign. Plaintiff R.V. was detained and released, shortly after. The District Attorney declined to press charges.  Later, deputies attempted to apologize and explain it was a misunderstanding.

15.     Plaintiff Vasquez suffered emotional distress and physical injuries, including head trauma. Plaintiff R.V. suffered emotional distress as a result of the incident.

## DAMAGES

16.     As a proximate result of Doe Defendants' unreasonable and excessive use of force, Plaintiffs suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

17.     The conduct of the Doe Defendants were malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff Vasquez against DOES 1-25)*

18.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

19.     Plaintiff had committed no crimes. Defendants had no probable cause or even

reasonable suspicion to use any force whatsoever against Plaintiff Vasquez. At best, Defendants could argue they suspected Plaintiff of failing to make a complete stop at a stop sign, which would not justify any threat of deadly force or slamming his head into the concrete. Therefore, the use of any force, including slamming Plaintiff's head into the concrete, was unlawful and excessive. Defendant Does' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

20.     As a result of their misconduct, the Doe Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention/Arrest/Seizure under 42 U.S.C. Section 1983)**
*(Plaintiffs Against DOES 1-25)*

21.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

22.     When Defendants pulled over and held at gunpoint Plaintiffs, threatening them with deadly force, Plaintiffs did not feel free to leave and were effectively under arrest. Defendants had no reasonable suspicion and/or probable cause that Plaintiffs had committed any crimes.  Therefore, Defendants' use of force, detention, arrest and imprisonment was an unlawful seizure which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

23.     As a result of their misconduct, the Defendant Does are liable for Plaintiffs' injuries and his imprisonment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiffs against Defendant CITY and DOES 26-50)*

24.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

25.     Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF STANISLAUS officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Yet-to-be-identified deputies responded to a possible failure to stop at a stop sign by holding a father and his son at gunpoint then slamming the father's head into the concrete despite the fact that he had complied with all their verbal orders. None of these deputies were disciplined or re-trained. High-ranking official should have not about the pattern of excessive force conduct of the Defendant Deputies given this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by Stanislaus County Sheriff Deputies. For example,

a) On November 10, 2017, Stanislaus Sheriff Deputies were caught on tape repeatedly punching a man in the back and the back of his head while he was being handcuffed.[1]

b) In February, 2017, Stanislaus Sheriff Deputy Wall was caught on camera shooting and killing a woman driving away from deputies during a stop which resulted in the Deputy being charged with voluntary manslaughter by the Stanislaus District Attorney.[2]

c) On May 30, 2018 another person died in the custody of Stanislaus County Sheriff Deputies after deputies allegedly used excessive and unreasonable force.[3]

d) On May 29, 2018 Stanislaus Deputies shot and killed a man retrieving his possession from his house where he had been evicted.[4]

e) On March 4, 2018 Stanislaus deputies responded to a medical emergency for a teenager in his home who was reacting badly to LSD. Instead of facilitating medical attention,

[1] https://www.modbee.com/news/local/crime/article185122188.html

[2] https://www.modbee.com/news/local/crime/article214973430.html

[3] https://www.abc10.com/article/news/local/family-of-modesto-man-who-died-in-custody-says-deputies-used-unnecessary-and-excessive-force/103-560085363

[4] https://www.modbee.com/news/local/crime/article212212429.html

Defendants beat the unarmed teenager with batons, pepper sprayed him and shot him with bean bag guns and ordered for emergency medical personnel to leave so they could not evaluate him. The teenage boy was later hospitalized due to his injuries from the deputies. (J.M., et al v. Stanislaus, et al.; Case No.: 1:18-CV-01034-LJO-SAB)

26.     Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Yet-to-be-identified deputies responded to a traffic infraction with threats of deadly force and beat up a father taking his son to football practice. No criminal charges were filed. Officials have not disciplined and/or retrained these officers despite clear department and constitutional violations against a father and his son.

27.     Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

28.     As against Defendant COUNTY OF STANISLAUS, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the COUNTY OF STANISLAUS, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of COUNTY OF STANISLAUS POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

29.     The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant COUNTY OF STANISLAUS, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the STANISLAUS SHERIFF Department stated in the

alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY OF STANISLAUS:

    a.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    b.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

    d.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

    30.    Defendants COUNTY OF STANISLAUS and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other COUNTY OF STANISLAUS' Police personnel, with deliberate

indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

31.    The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other COUNTY OF STANISLAUS personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the STANISLAUS Sheriff Department. Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within COUNTY OF STANISLAUS, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff J.M. was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within COUNTY OF STANISLAUS have approved Defendant Deputies' grossly excessive and bias use of force on Plaintiff. By so doing, the authorized policy makers within the COUNTY OF STANISLAUS and the STANISLAUS Sheriff Department have shown affirmative agreement with the actions of Defendant Deputy Does 1-25, and have ratified the unconstitutional acts of Defendant Deputy Does 1-25.

32.    The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant COUNTY OF STANISLAUS and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

33.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

34.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY OF STANISLAUS and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff Vasquez against DOES 1-50)*

35.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

36.     Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

37.     By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

      a.     Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

      b.     Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

38.     Excessive force which violates the Fourth Amendment, also violates the Bane Act.[5] Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

39.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[6] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

40.     Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a.     Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b.     Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    c.     Defendant using force against Plaintiff in the absence of any threat or need for such force;

    d.     Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    e.     Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    f.     Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    g.     Violating multiple rights of Plaintiff;

---

[5] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[6] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

41.     Defendant STANISLAUS COUNTY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

42.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FIFTH CAUSE OF ACTION**
**(Assault – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiffs against DOES 1-50)*

43.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

44.     Defendants' above-described conduct was an intentional attempt to physically injure Plaintiffs, and/or a menacing or threatening act or statement that caused Plaintiffs to believe they were about to be attacked.  Defendants, while working as law enforcement officers for the STANISLAUS SHERIFF DEPARTMENT, and acting within the course an scope of their duties, intentionally injured Plaintiffs without a lawful basis.

45.     Defendants did not have legal justification for threatening force against Plaintiffs, and Defendants' threat of force while carrying out their police duties was unreasonable.

46.     As a direct and proximate result of Defendants' assault of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff Vasquez against DOES 1-50)*

47.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

48.     Defendants, while working as police officers for the CONCORD POLICE DEPARTMENT, and acting within the course an scope of their duties, intentionally injured Plaintiff without a lawful basis.

49.     As a result of the actions of the Defendants, Plaintiff suffered physical injuries. The Defendant Does did not have legal justification for using force against Plaintiff Vasquez, and Defendants' use of force while carrying out their police duties was an unreasonable use of force.

50.     As a direct and proximate result of Defendants' battery of Plaintiff Vasquez, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligence)
*(Plaintiffs against DOES 1-50)*

51.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

52.     At all times, Defendant Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

53.     At all times, Defendant Does 1-50 owed Plaintiff the duty to act with reasonable care.

54.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

      a.     to refrain from using excessive and/or unreasonable force against Plaintiff;

      b.     to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

      c.     to refrain from abusing their authority granted them by law;

     d.    to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

55.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

56.    Defendant STANISLAUS COUNTY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

57.    As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

**EIGHTH CAUSE OF ACTION**
**(False Imprisonment/Illegal Detention)**
*(Plaintiffs against DOES 1-50)*

58.    Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

59.    Defendants detained and/or arrested Plaintiffs and imprisoned them without just cause under false pretenses. Defendants restrained, detained, and/or confined Plaintiffs without their consent or a lawful basis.

60.    As a result of the Defendants' unlawful confinement, Plaintiffs suffered emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**(False Arrest)**
*(Plaintiffs against DOES 1-50)*

61.    Plaintiff re-alleges and incorporates by reference each and every paragraph of this complaint.

62.    Defendants, while working as law enforcement officers for the COUNTY OF STANISLAUS, and acting within the course an scope of their duties, falsely arrested Plaintiffs without any reasonable suspicion and/or probable cause.

63.     As a result of the actions of these the Defendants, Plaintiffs suffered physical injuries and/or emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**
*(Plaintiff R.V. against DOES 1-25)*

64.     Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

65.     Defendants' above-described conduct and physical injuries to Plaintiff Vasquez was witnessed by Plaintiff R.V..  Defendants attacked Plaintiff Vasquez without legal justification and caused Plaintiff R.V., his biological seven-year-old son, to suffer serious emotional distress. Plaintiff R.V. is closely-related to Plaintiff Vasquez. Plaintiff R.V. saw and heard Defendants' threatening to shoot his father, slammed his head into the concrete and arrested and took him to jail causing Plaintiff R.V. serious emotional distress.

66.     In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing Plaintiff R.V.'s serious emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

67.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages against Defendant DOES 1-50 in a sum according to proof;

4.      All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5.      For declaratory and injunctive relief, including but not limited to:

     a.   An order requiring Stanislaus Sheriff Department to institute de-escalation training within the department;

     b.   An order requiring Stanislaus Sheriff Department to institute tracking of firearm display within the department;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.


Dated:  November 13, 2019                    **Law Offices of John L. Burris**


                                       **___/s/  Patrick M. Buelna_____**
                                       Patrick Buelna
                                       Attorneys for Plaintiff