# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VASQUEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01610-AWI-SAB<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES<br><br>ORDER VACATING NOVEMBER 18, 2020 HEARING<br><br>(ECF Nos. 29, 32) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiffs Ricardo Vasquez's ("Vasquez"), and R.V.'s, a minor by and through his guardian ad litem Jessica Santos, (collectively "Plaintiffs"), motion to amend the scheduling order to extend the fact and expert discovery deadlines, filed October 26, 2020. (ECF No. 29.) Having considered Plaintiffs' moving papers and Defendants' statement of non-opposition, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). The previously scheduled hearing set for November 18, 2020, shall be vacated and the parties will not be required to appear at that time.

/ / /

/ / /

/ / /

1

## II.

## BACKGROUND

### A. Factual Allegations

The following facts are summarized by Plaintiff in the moving papers. On September 27, 2018, at around 6 p.m., Plaintiff Vasquez was driving his son to football practice, when Deputy Chad Lewis ("Deputy Lewis") received a tip from Detective Garcia about a suspicious vehicle. (Pls.' Mot. Extend Discovery Deadlines ("Mot.") 2, ECF No. 29.)[1] Based on the tip, Deputy Lewis began following Vasquez's car and allegedly witnessed the car fail to stop at a stop sign, while Vasquez maintains he did stop at the stop sign. (Id,)

Vasquez parked to drop his son off at football practice when he noticed Deputy Lewis had activated the patrol car lights behind him. At the same time, Vasquez's eight-year-old son R.V., who did not want to be late for football practice and had not noticed Deputy Lewis pulling them over, proceeded to exit the car and saw Deputy Lewis aiming the handgun. (Id.) Deputy Lewis then cussed at R.V. to get back into the car, and R.V. did. (Id.) The other members of the football team, and parents, cried out to not shoot Vasquez or R.V. who was in the car. (Id.)

Deputy Lewis continued to aim his gun at Vasquez and his son, and other officers arrived and aimed firearms at the car. (Id. at 2-3.) Deputy Lewis ordered Vasquez to exit the car and walk backwards, and Vasquez complied. (Id. at 3.) Deputy Lewis ordered Vasquez to put his hands in the air and get on his knees, and Vasquez complied. (Id.) Deputy Lewis directed Vasquez's hands behind his back while he kneeled to be handcuffed, and Vasquez complied. (Id.)

After kneeling and getting handcuffed, Vasquez complained his legs were cramping and tried to straighten one of his legs, and Deputy Lewis picked Vasquez up in a bear hug and slammed his head into the ground causing Vasquez to lose consciousness, while Plaintiff's son cried in the car. (Id.)

Plaintiffs then allege Deputy Lewis did not take any photographs of Plaintiff's injuries,

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 nor did he call an ambulance to the scene to treat the head injuries, in violation of department
2 policies.  (Id.)  "Recognizing his mistake," Deputy Lewis arrested Vasquez for "trying to
3 straighten his leg and in order to conceal his excessive force."  (Id.)  The district attorney
4 rejected any criminal charges and the case was dismissed.  (Id.)

### B.      Procedural History

Plaintiffs filed this action on November 13, 2019, bringing claims for: (1) excessive force under the Fourth Amendment; (2) unlawful detention under the Fourth Amendment; (3) municipal liability claim under 42 U.S.C. § 1983; (4) violation of the Bane Act, California Civil Code § 52.1; (5) assault under California Penal Code § 242; (6) battery under California Penal Code § 242; (7) negligence; (8) false imprisonment; (9) false arrest; and (10) negligent infliction of emotional distress.  (ECF No. 1.)

Following the Court ordering a motion to appoint guardian ad litem to be filed, on November 25, 2019, the Court granted Plaintiffs' motion to appoint Jessica Santos as guardian ad litem for Plaintiff R.V.  ECF No. 6.)  Following a stipulated extension, Defendant filed an answer on January 27, 2020.  (ECF No. 9.)  On April 15, 2020, the Court issued a scheduling order setting among others, the following deadlines: 1) a deadline of July 13, 2020, to file motions to amend the pleadings; 2) a non-expert discovery cutoff-off of October 26, 2020; 3) an expert discovery deadline of February 12, 2021; (4) a dispositive motion deadline of February 19, 2021; and 4) a trial date of June 22, 2021.  (ECF No. 13.)

Following the expiration of the July 13, 2020 deadline to amend, Defendant declined to join in a stipulation granting Plaintiffs leave to file an amended complaint, and on July 31, 2020, Plaintiffs filed a motion for leave to file an amended complaint.  (ECF No. 15.)  On September 2, 2020, the Court held a hearing on Plaintiffs' motion.  (ECF No. 19.)  At the hearing, the Court voiced concerns regarding whether Plaintiffs had demonstrated good cause to modify the scheduling order and ordered supplemental declarations to be filed.  (Id.)  The Court also informed the parties that if good cause was shown by Plaintiff's supplemental declaration, the parties could consider submitting a stipulation to grant Plaintiffs leave to file an amended complaint rather than Defendant submitting a supplemental declaration in opposition.  (Id.)  On

1 September 9, 2020, prior to the deadline for Defendant to submit a supplemental declaration, the
2 parties submitted a stipulation agreeing that good cause exists to grant Plaintiffs leave to file a
3 first amended complaint. (ECF No. 21.) On September 10, 2020, pursuant to the parties'
4 stipulation, the Court granted Plaintiffs leave to file an amended complaint. (ECF No. 22.)

5       On September 14, 2020, Plaintiffs filed a first amended complaint. (ECF No. 23.) On
6 September 28, 2020, Defendant County of Stanislaus filed an answer, and on October 6, 2020,
7 Defendant Chad Lewis filed an answer. (ECF Nos. 26, 28.) On October 26, 2020, Plaintiffs
8 filed a motion to extend the fact and expert discovery deadlines that is the subject of this order.
9 (ECF No. 29.) On the same date, Plaintiffs filed an *ex parte* motion to shorten the time to hear
10 the motion to extend the discovery deadlines. (ECF No. 30.) On October 27, 2020, the Court
11 granted Plaintiffs' *ex parte* motion to shorten time, and the Court set the hearing on the motion to
12 extend discovery to be heard on November 18, 2020, and set a shortened briefing schedule on the
13 motion. (ECF No. 31.)

14       On November 11, 2020, Defendants filed a statement of non-opposition to Plaintiffs'
15 motion. (ECF No. 32.) Plaintiffs did not file a reply brief.

### III.

### LEGAL STANDARD

18       District courts generally have significant discretion and authority to control the conduct
19 of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil
20 Procedure 16(b) provides that the district court must issue a scheduling order that limits "the
21 time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R.
22 Civ. P. 16(b)(1)–(3). A scheduling order "may be modified only for good cause and with the
23 judge's consent." Fed. R. Civ. P. 16(b)(4).

24       The "good cause" standard "primarily considers the diligence of the party seeking the
25 amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). To
26 establish good cause, the party seeking the modification of a scheduling order must generally
27 show that even with the exercise of due diligence, they cannot meet the requirement of that
28 order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the

moving party's reason for seeking the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end, and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d at 609).  "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent."  United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

## IV.

## DISCUSSION

Plaintiffs move the Court to amend the scheduling order to extend the discovery deadlines in order to conduct additional depositions. (Mot. 1.)  Specifically, Plaintiffs state that they require the extension to depose the deputies that responded to the scene and prepared no report, to depose Lt. Clayton, and to depose Defendant's supervisor. (Mot. 8.)  Plaintiffs request the non-expert discovery deadline be extended until December 26, 2020, the expert disclosure deadline be extended until December 26, 2020, and the supplemental/rebuttal expert deadline be extended until January 13, 2021.  (ECF No. 29-4 at 1.)[2]

On November 11, 2020, Defendants filed a statement of non-opposition to Plaintiffs' motion. (ECF No. 32.)  In the filing, Defendants explain their reading of Plaintiffs' motion indicates that Plaintiffs only move to extend the discovery deadlines to allow for the completion of certain depositions.  Specifically, while Defendants "adamantly disagree with plaintiffs' assertions regarding their purported diligence in discovering the case," in light of recent settlement discussions between the parties following the filing of the instant motion, Defendants are agreeable to extending the discovery deadlines "on the condition that continued fact

---

[2] While the moving papers and proposed order reference January 13, 2020 (Mot. 5; ECF No. 29-4 at 1), it is apparent Plaintiffs meant to extend the deadline into 2021.

discovery be limited solely to the depositions of [] Deputy Torres, Deputy Carranza, Lt. Clayton and the six witnesses that plaintiffs' [sic] identified on October 23, 2020, as specifically requested in the moving papers." (ECF No. 32 at 2.)

The Court finds Defendants' filing accurately encompasses the specific relief requested in Plaintiffs' motion. Plaintiffs have not filed any reply briefing that disputes Defendants' framing of the requested extensions as described in the statement of non-opposition. Accordingly, based on Plaintiffs' motion and Defendants' statement of non-opposition, the Court finds good cause to grant Plaintiffs' motion as unopposed, and limiting the extensions of the deadlines for the purposes identified in the moving papers and as stated in the statement of non-opposition.

## V.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the hearing currently scheduled for November 18, 2020 is VACATED, and that the April 15, 2020 scheduling order is amended as follows:

1. Non-Expert Discovery Deadline: December 26, 2020;
2. Expert Disclosure Deadline: December 26, 2020; and
3. Supplemental Expert Disclosure Deadline: January 13, 2021.

The non-expert discovery shall be limited to depositions of Deputy Torres, Deputy Carranza, Lt. Clayton, and the six witnesses that Plaintiffs identified on October 23, 2020. All other dates and aspects of the April 15, 2020 scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated:   **November 16, 2020**

UNITED STATES MAGISTRATE JUDGE