| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VASQUEZ, et al., | Case No. 1:19-cv-01610-AWI-SAB |
| Plaintiffs, | ORDER GRANTING STIPULATION FOR LEAVE TO FILE SEOND AMENDED COMPLAINT |
| v. | |
| COUNTY OF STANISLAUS, | (ECF No. 36) |
| Defendant. | FIVE DAY DEADLINE |

On November 13, 2019, Plaintiffs Ricardo Vasquez, and R.V., a minor by and through his guardian ad litem Jessica Santos ("Plaintiffs"), filed this action. (ECF No. 1.) On April 15, 2020, the Court issued a scheduling order setting a deadline of July 13, 2020, to file stipulations or motions requesting leave to amend the pleadings. (ECF No. 13.) The parties agree that the second amended complaint should be filed to correctly identify the minor plaintiff in this matter. The complaint named R.V., who is the oldest son of Defendant Vasquez, however, it was Defendant Vasquez' youngest son, J.V., who brought a claim against Defendants. In order to avoid any confusion as to the parties involved in this lawsuit, the parties stipulate to amend the complaint to rename the minor plaintiff.

Once a district court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 setting a deadline for amending pleadings, the district court is to first apply

Rule 16's standard for amending the scheduling order if the deadline to amend has passed. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403 (E.D. Cal. 2018). If the party seeking amendment can satisfy the good cause standard of Rule 16(b), the district court then must determine whether the moving party has satisfied the requirements of Rule 15(a). Wasatch Advantage Grp., LLC, 327 F.R.D. at 403-04. Here, the Court finds that the parties have demonstrated that good cause exists to modify the scheduling order to name the proper plaintiff in the complaint.

Having found that good cause exists to modify the scheduling order under Rule 16, Plaintiff must then satisfy the standards under Federal Rule of Civil Procedure 15(a). Wasatch Advantage Grp., LLC, 327 F.R.D. at 403-04. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). The Court finds that leave to amend should be granted under Rule 15.

Based on the parties' stipulated agreement, the Court finds good cause exists to modify the scheduling order and to grant leave for Plaintiffs to file a second amended complaint.

Pursuant to the stipulation of the parties and good cause presented, IT IS HEREBY ORDERED that:

1. Plaintiffs are granted leave to file a second amended complaint;
2. Plaintiffs shall file a second amended complaint and petition for appointment of a guardian ad litem within **five (5) days** of entry of this order;
3. Defendants shall file a responsive pleading within **fourteen (14) days** of the filing of the second amended complaint;
4. Plaintiffs shall file a motion for minor's compromise on or before **April 16, 2021;** and

5. The parties shall file dispositive documents within **thirty (30) days** of entry of the order approving any petition for minor's compromise.

IT IS SO ORDERED.

Dated: __**February 18, 2021**__

UNITED STATES MAGISTRATE JUDGE