# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VASQUEZ, et al., | Case No. 1:19-cv-01610-AWI-SAB |
| Plaintiffs, | ORDER REQUIRING PETITIONER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF PETITION TO COMPROMISE MINOR PLAINTIFF J.V.'S CLAIMS |
| v. | |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | (ECF No. 42) |
| | FOURTEEN DAY DEADLINE |

On March 16, 2021, minor Plaintiff J.V. through their guardian ad litem Jessica Santos ("Petitioner"), filed a petition to compromise Plaintiff J.V.'s claims in this action. (ECF No. 42.) The matter is currently set for hearing before the undersigned on April 21, 2021. (ECF No. 43.) The Court has identified certain deficiencies in the petition as filed and the Court shall order supplemental briefing in advance of the hearing.

Pursuant to Local Rule 202, a petition for approval of a proposed settlement of a minor's claims must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.

1

> The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b)(2).

While the petition states J.V. is a son of Plaintiff Ricardo Vasquez, the petition does not specifically disclose the age and sex of the minor as required by the Local Rule. While the petition generally describes the facts, date, and actors involved in the incident underlying this action, the petition does not specifically identify the nature of the individual causes of action that are being settled, as required by the Local Rules. The Court notes the second amended complaint currently reflects that Plaintiff J.V. is a party to seven (7) of the total of ten (10) causes of action brought. (ECF No. 38.) The supplemental briefing shall disclose the information required under the Local Rules. See L.R. 202(b); Hughey v. Camacho, No. 2:13-CV-02665-TLN-AC, 2019 WL 1208987, at *3 (E.D. Cal. Mar. 14, 2019) (Plaintiffs have met the procedural requirements of Local Rule 202(b)(2) . . . Plaintiffs have identified the Minor, G.H., as a six-year-old male; and have identified the claims to be settled in the pending action, all relevant background facts, and the manner in which the proposed settlement was determined.").

Further, while the petition generally states that J.V. suffered emotional distress, to the extent Plaintiff J.V. is alleging personal injury, for example through the seventh cause of action for negligence, the supplemental briefing shall provide sufficient information for the Court to determine whether the injury is temporary or permanent, and any expert reports if those have been prepared. Id.

The Local Rules also provide the following guidelines for disbursements of money to minors:

> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person.
>
> **(f) Interim Disbursements**. Applications for orders authorizing interim disbursements shall be heard by the appropriate state court judge or by the

>assigned Magistrate Judge. See L.R. 302(c)(14). In the event of a hearing by a state court judge concerning interim disbursements, a copy of the order shall be filed with a copy to the Magistrate Judge and shall be reviewed by the Magistrate Judge in accordance with (b)(1).

L.R. 202(e)-(f).

The petition does not describe the manner of how the payment to the minor will be disbursed. Petitioner shall also address the manner of disbursement of the payment to the minor in supplemental briefing. See, e.g., Dumas v. City of Elk Grove, No. 2:09-CV-01573-GEB, 2012 WL 2116390, at *1 (E.D. Cal. June 6, 2012) (structuring payments to minors into fixed annuities in blocked accounts payable on eighteenth birthdays); Parson v. City of Bakersfield, No. 107CV01468OWW DLB, 2009 WL 453118, at *1–2 (E.D. Cal. Feb. 23, 2009) (depositing payment to minor into insured account subject to withdrawal only upon authorization of the court until reaching age of eighteen); Lobaton v. City of San Diego, No. 15-CV-1416 GPC (DHB), 2017 WL 2298474, at *3 (S.D. Cal. May 26, 2017) (settlement payment placed in blocked account, with restriction on withdrawal without court order).

Additionally, the petition proffers that Plaintiff Ricardo Vasquez will pay for the legal costs related to the case instead of apportioning part of such costs to Plaintiff J.V., however, the petition does not identify the amount of legal costs to be paid. Petitioner shall provide such information in supplemental briefing.

Finally, the petition provides no caselaw demonstrating the appropriateness of the settlement amount here. The Ninth Circuit has directed that "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). The Petitioner shall provide supporting caselaw demonstrating the net recovery is fair and reasonable in light of the average recovery in similar cases.

///

///

///

1  Accordingly, IT IS HEREBY ORDERED that Petitioner shall file supplemental briefing 2 in support of the petition that addresses the issues discussed in this order, within fourteen (14) 3 days of entry of this order.

IT IS SO ORDERED.

Dated: **March 31, 2021**

UNITED STATES MAGISTRATE JUDGE