# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VASQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | Case No. 1:19-cv-01610-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PETITION TO COMPROMISE MINOR PLAINTIFF J.V.'S CLAIMS<br><br>ORDER VACATING APRIL 21, 2021 HEARING<br><br>(ECF No. 42)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Currently before the Court is a petition to compromise minor Plaintiff J.V.'s claims in this action, filed by and through counsel, and Plaintiff J.V.'s guardian ad litem, Jessica Santos. (ECF No. 42.)  The matter was referred to the undersigned for the issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court, having reviewed the unopposed petition and the Court's record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set for April 21, 2021, will be vacated and the parties will not be required to appear at that time. For the reasons discussed herein, the undersigned recommends the petition to compromise minor Plaintiff J.V.'s claims be granted.

1

## II.

## BACKGROUND

On November 13, 2019, Ricardo Vasquez ("Vasquez") and a minor then identified as "R.V.," filed a complaint in this action.  (ECF No. 1.)  On February 18, 2021, a second amended complaint was filed that identified the proper minor in interest as "J.V.," rather than "R.V.," a minor sibling of J.V. that was not involved in the incident.  (ECF No. 38.)  Along with the second amended complaint, a petition was filed to appoint Jessica Santos as guardian ad litem for her minor son, J.V.  (ECF No. 39.)  On the same date, the Court granted the petition to appoint Jessica Santos as J.V.'s guardian ad litem.  (ECF No. 41.)

Plaintiffs' second amended complaint, the operative complaint in this action, names two defendants: (1) Chad Lewis ("Lewis"), sued in his individual capacity as a sheriff's deputy for the Stanislaus County Sheriff's Department; and (2) the County of Stanislaus.  (ECF No. 38.) Plaintiff also names Doe Defendants 1-50.  (Id.)  The complaint brings claims for: (1) excessive force under the Fourth Amendment and 42 U.S.C. § 1983, by Plaintiff Vasquez against Defendant Lewis and Doe Defendants 1-25; (2) unlawful detention, arrest, and seizure, under the Fourth Amendment and 42  U.S.C. § 1983, by all Plaintiffs against Defendant Lewis and Does 1-25; (3) supervisory and municipal liability for an unconstitutional custom or policy under 42 U.S.C. § 1983, by all Plaintiffs against the County of Stanislaus and Doe Defendants 26-50; (4) violation of the Bane Act, California Civil Code § 52.1, by Plaintiff Vasquez against Defendants Lewis, County of Stanislaus, and Doe Defendants 1-50; (5) assault under California Penal Code § 242, by all Plaintiffs against Defendants Lewis, County of Stanislaus, and Doe Defendants 1-50; (6) battery under California Penal Code § 242, by Plaintiff Vasquez against Defendants Lewis, County of Stanislaus, and Doe Defendants 1-50; (7) negligence by all Plaintiffs against Defendants Lewis, County of Stanislaus, and Doe Defendants 1-50; (8) false imprisonment and illegal detention by all Plaintiffs against Defendant Lewis, County of Stanislaus, and Doe Defendants 1-50; (9) false arrest by all Plaintiffs against Defendants Lewis, County of Stanislaus, and Doe Defendants 1-50; and (10) negligent infliction of emotional distress by Plaintiff J.V. against Defendants Lewis, County of Stanislaus, and Doe Defendants 1-25.  (Id.)

On March 16, 2021, the petition to compromise minor Plaintiff J.V.'s claims was filed by and through counsel, and Plaintiff J.V.'s guardian ad litem, Jessica Santos.  (ECF No. 42.)  A hearing on the petition was set for April 21, 2021.  (ECF No. 43.)  The Court identified deficiencies in the petition as filed, and on March 31, 2021, the Court ordered supplemental briefing to be filed on or before April 14, 2021.  (ECF No. 44.)  On April 14, 2021, Plaintiffs' counsel filed a supplemental declaration in support of the petition.  (ECF No. 45.)

### III.

### LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.' "  Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir.1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise."  L.R. 202(b).  "In actions in which the minor . . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative."  L.R. 202(b)(1).  In all other actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the

1  circumstances.  Reports protected by an evidentiary privilege may be submitted in
2  a sealed condition to be reviewed only by the Court in camera, with notice of such
   submission to all parties.

3  L.R. 202(b)(2).

4  "When the minor or incompetent is represented by an attorney, it shall be disclosed to the

5  Court by whom and the terms under which the attorney was employed; whether the attorney

6  became involved in the application at the instance of the party against whom the causes of action

7  are asserted, directly or indirectly; whether the attorney stands in any relationship to that party;

8  and whether the attorney has received or expects to receive any compensation, from whom, and

9  the amount."   L.R. 202(c).   "Upon the hearing of the application, the representative

10  compromising the claim on behalf of the minor or incompetent, and the minor or incompetent

11  shall be in attendance unless, for good cause shown, the Court excuses their personal

12  attendance."  L.R. 202(d).

13  In Robidoux, the Ninth Circuit cautioned that the typical practice of applying state law

14  and local rules governing the award of attorneys' fees "places undue emphasis on the amount of

15  attorney's fees provided for in settlement, instead of focusing on the net recovery of the minor

16  plaintiffs under the proposed agreement."  638 F.3d at 1181.  District courts should thus "limit

17  the scope of their review to the question [of] whether the net amount distributed to each minor

18  plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's

19  specific claim, and recovery in similar cases."  Id. at 1181-82.  "Most importantly, the district

20  court should evaluate the fairness of each minor plaintiff's net recovery without regard to the

21  proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—

22  whose interests the district court has no special duty to safeguard."  Id.; but see A.G.A. v. Cty. of

23  Riverside, No. EDCV1900077VAPSPX, 2019 WL 2871160, at *2 (C.D. Cal. Apr. 26, 2019)

24  ("Some courts have read Robidoux to suggest it is improper to evaluate the reasonableness of

25  attorneys' fees provisions in proposed settlement agreements of minors' claims . . . The Court

26  declines to adopt this approach.").[1]

27  _____
   [1]  In A.G.A., the court noted the action had "a key distinguishing feature from the facts presented in Robidoux
28  [where] the district court had denied in part the parties' motion to approve the proposed settlement, which included
   as a material term that plaintiffs' counsel would recover approximately 56% of the settlement amount as attorneys'

4

The holding of <u>Robidoux</u> was expressly "limited to cases involving the settlement of a minor's federal claims," and the Circuit did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." 638 F.3d at 1179 n.2. Some district courts have extended the application to state law claims. <u>See</u> <u>Calderon v. United States</u>, No. 1:17-CV-00040-BAM, 2020 WL 3293066, at *3 (E.D. Cal. June 18, 2020) (noting that although <u>Robidoux</u> "expressly limited its holding to cases involving settlement of a minor's federal claims . . . district courts also have applied this rule in the context of a minor's state law claims.") (citations omitted); <u>A.G.A.</u>, 2019 WL 2871160, at *2 n.1 ("The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims . . . however, the Court has federal question jurisdiction and is exercising supplemental jurisdiction over Plaintiffs' state law claims . . . as the case 'involves' the settlement of Plaintiffs' federal claims, the Court applies the <u>Robidoux</u> standard to the entire settlement.").

## IV.

## DISCUSSION

Plaintiff J.V. is bringing both federal and state law claims, and the Court is exercising supplemental jurisdiction over the state law claims. Thus, the Court will apply the <u>Robidoux</u> standard when reviewing the settlement. <u>See</u> <u>A.G.A.</u>, 2019 WL 2871160, at *2 n.1; <u>Lobaton v. City of San Diego</u>, No. 15-CV-1416 GPC (DHB), 2017 WL 2298474, at *2 (S.D. Cal. May 26, 2017).

/ / /

---

fees . . . The Ninth Circuit found the district court abused its discretion in denying in part the motion based on the amount of attorneys' fees alone because it placed 'undue emphasis on the amount of attorneys' fees provided for in [the] settlement.' " 2019 WL 2871160, at *3 (quoting <u>Robidoux</u>, 638 F.3d at 1181). The <u>A.G.A.</u> court found that in contrast, the attorneys' fees at issue were not a material term of the settlement agreement, there was no express provision for attorneys' fees, and in approving the settlement, the court thus only considered whether the net amount distributed to each plaintiff was fair and reasonable in light of the facts of the case, the minors' specific claims, and recover in similar cases, as required by <u>Robidoux</u>. 2019 WL 2871160, at *3. The court found the "amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiffs and their counsel," and would evaluate the request in light of the special duty to safeguard the interests of the minor litigants, as well as the local rule requiring the court to fix the amount of attorneys' fees in an action involving a minor. <u>Id.</u> The court applied California law to evaluate the request for attorneys' fees pursuant to the local rule, and in line with other district courts throughout California. <u>Id.</u> (citations omitted). The court reduced the attorneys' fees from 33% to 25% of the settlement fund. <u>Id.</u> at *4.

### A.      The Initial Petition Submitted to the Court

The petition provides that Petitioner Jessica Santos, as appointed guardian ad litem for minor Plaintiff J.V. in this matter, is fully competent to understand and protect the rights of the minor Plaintiff.  (Pet. Compromise Minor Plaintiff J.V.'s Claims ("Pet") ¶¶ 1, 4, ECF No. 42.) The petition states that Plaintiffs Vasquez and J.V. have reached a global settlement of this matter with Defendants in the amount of $50,000.00 total.  (Id. at ¶ 5.)  Plaintiffs have agreed to apportion the settlement so Plaintiff J.V. receives $10,000, and Plaintiff Vasquez receives $40,000. (Id.)  Plaintiff Vasquez, and Plaintiff J.V., by and through his guardian ad litem Jessica Santos, approved the apportionment of the settlement and agreed that attorneys' fees in the amount of twenty-five percent (25%) shall be taken out of the settled amount.  (Pet. ¶ 6.) Therefore Plaintiff J.V.'s net recovery after taking out attorneys' fees in the amount of $2,500, will be $7,500.  (Id.)

The petition was prepared by lead counsel for Plaintiffs, Patrick Buelna of Pointer & Buelna, LLP – Lawyers For The People.  (Pet. ¶ 7.)  Counsel Buelna represents to the Court that he became involved in this case at the request of Plaintiffs, and has not received, and does not expect to receive, any compensation for services in connection with this action from any person other than the represented parties in this action.  (Id.)  Petitioner submits that she and counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility for such incidents, the nature and extent of the injury to the minor plaintiff, and fully understand that if the proposed compromise approved by the Court and consummated, the minor Plaintiff J.V. will forever be barred and prevented from seeking any further recovery of compensation against the Defendants in this action, even if the minor Plaintiff J.V.'s losses and injuries might in the future prove to be more serious than they are now thought to be.  (Pet. ¶ 8.)  Petitioner recommends the compromise settlement to the Court as being fair, reasonable, and in the best interests of the minor Plaintiff J.V.  (Pet. ¶ 9.)

The petition does not describe in detail the allegations or expressly lay out the various claims underlying Plaintiff's specific claims.   The petition generally describes the facts pertaining to J.V. as to the September 27, 2018 incident where Defendant Lewis pulled over

1  Plaintiff Vasquez who was driving J.V. to football practice, when Lewis held Vasquez at

2  gunpoint and injured him during placing handcuffs on him, and "J.V. witnessed the excessive

3  force against his father and suffered emotional distress as a result."  (Pet. ¶ 3.)

4  **B.      The Supplemental Declaration of Counsel**

5  Upon review of the initial petition submitted, the Court found supplemental briefing in

6  advance of the hearing date would be helpful.  Specifically, on March 31, 2021, the Court

7  ordered supplemental briefing addressing: (1) the express disclosure of the age and sex of the

8  minor as required by Local Rule 202(b)(2); (2) the identification of the individual causes of

9  action that are being settled; (3) whether any injuries were permanent; (4) the manner of how

10  payment to the minor would be disbursed, such as whether the funds would be placed into a

11  blocked account; (5) the amount of legal costs that Plaintiff Vasquez would be covering rather

12  than being apportioned between Vasquez and J.V.; and (6) caselaw demonstrating the

13  appropriateness of the settlement amount.  (ECF No. 44.)

14  On April 14, 2021, Plaintiffs' counsel submitted a declaration in support of the petition

15  for minor's compromise.  (Decl. Patrick Buelna Supp. Minor's Compromise ("Buelna Decl."),

16  ECF No. 45.)  Here, counsel provides that: (1) J.V. is a ten (10) year old boy; (2) J.V. suffered

17  temporary emotional distress that stemmed from crying and being scared for his father on the

18  date of the incident, and J.V.'s recovery is "solely related to his negligent infliction of emotion

19  distress claim whereas Plaintiff Vasquez's recovery is related both to his emotional distress of

20  being held at gunpoint and taken to jail as well as the cuts and bruises suffered to his head"; (3)

21  J.V. remains fearful when his dad leaves the house and fears law enforcement officers, however,

22  his fears have steadily improved with time and he has no permanent injuries, and continues to go

23  to school and enjoy his life; (4) J.V. suffered no physical injuries and has not been diagnosed

24  with any medical and/or psychological conditions as a result of the incident; (5) legal costs

25  include those for deposition transcripts, and for the filing and service of the complaint, which

26  were reduced to the amount of $1,500 to be taken from Plaintiff Vasquez's recovery rather than

27  minor J.V.'s recovery; and (6) the amount of $7,500 will be placed into a blocked account at a

28  bank and the funds cannot be withdrawn until J.V. turns eighteen (18) years old.  (Buelna Decl.

1 | ¶¶ 2-7.)

2 |       1.    <u>Counsel's Failure to Adhere to the Order Requesting Supplemental Briefing</u>

3 |       Significantly, despite the express request to provide caselaw demonstrating the

4 | appropriateness of the settlement amount, counsel's supplemental declaration did not provide

5 | any caselaw to the Court. (ECF No. 45.) The Court considered ordering Plaintiffs' counsel to

6 | show cause in writing why sanctions should not be imposed for the failure, particularly given this

7 | is not the first time Plaintiffs' counsel has failed to carefully adhere to the dictates of orders or

8 | deadlines in this action. (<u>See</u> ECF Nos. 15, 16, 17, 18, 19, 20.) However, in the interests of

9 | expediency, and because the Court had already conducted sufficient research on the issue for the

10 | purposes of this findings and recommendations, the Court declines to issue an order to show

11 | cause on Plaintiffs' counsel. Counsel is admonished for not adhering to the clear mandates of

12 | the Court's order requesting supplemental briefing, particularly given the Court allowed for a full

13 | fourteen (14) days to provide supplemental briefing.

14 |     **C.**     **The Court Finds the Petition Sufficient to Approve the Settlement and the**
15 |             **Proposed Settlement to be Fair and Reasonable**

16 |       Following submission of the supplemental briefing in support of the petition, the Court

17 | finds Plaintiffs' petition sufficiently sets forth the information required under Local Rule 202.

18 | <u>See</u> <u>Hughey v. Camacho</u>, No. 2:13-CV-02665-TLN-AC, 2019 WL 1208987, at *3 (E.D. Cal.

19 | Mar. 14, 2019) ("Plaintiffs have met the procedural requirements of Local Rule 202(b)(2) . . .

20 | Plaintiffs have identified the Minor, G.H., as a six-year-old male; and have identified the claims

21 | to be settled in the pending action, all relevant background facts, and the manner in which the

22 | proposed settlement was determined."). While in the future, the Court would rather receive more

23 | detailed briefing in counsel's submissions,[2] given the information presented as summarized

24 | ───────────────
[2]   The Court does not believe it would be wrong to characterize the petition and supplemental declaration as
25 | bordering on being a "bare-bones" submission. As one specific example, the Court ordered supplemental briefing
on the Local Rule's requirement to identify the specific nature of the individual causes of action that are being
26 | settled. (ECF No. 44.) In the supplemental declaration, counsel states J.V.'s recovery is solely related to the
negligent infliction of emotional distress claim. (Buelna Decl. ¶ 3.) As noted in the request for supplemental
briefing, Plaintiff J.V. is a party to seven (7) of the total of ten (10) causes of action. (ECF No. 44 at 2.) More
27 | specifically, the causes of action alleged by Plaintiff J.V. are the second cause of action for unlawful detention,
arrest, and seizure, under the Fourth Amendment and 42 U.S.C. § 1983; the third cause of action for supervisory and
28 | municipal liability for an unconstitutional custom or policy under 42 U.S.C. § 1983; the fifth cause of action for

above, the underlying facts contained in the operative complaint, the case law summarized below approving settlements in similar actions, and the Court's record, the Court would recommend approving the petition to compromise Plaintiff J.V.'s claims.  The Court now turns to case law where similar settlements were approved.

In <u>Parson</u>, a father who was not involved in the underlying police incident, was hit in the ankle by a stray bullet fired by a police officer during an attempted arrest.  <u>Parson v. City of Bakersfield</u>, No. 107CV01468OWW DLB, 2009 WL 453118, at *1–2 (E.D. Cal. Feb. 23, 2009), <u>report and recommendation adopted,</u> No. 107CV01468OWWDLB, 2009 WL 902060 (E.D. Cal. Apr. 1, 2009).  When the minor was approximately fifteen (15) years old, they realized the father had been shot, and "allegedly suffered emotional distress, but ha[d] since recovered."  <u>Id.</u> at *1.  The court approved a settlement of $5,000 to the minor plaintiff, with $1,250 deducted for attorneys' fees in the amount of 25% of the settlement, for a total recovery of $3,750 to the minor plaintiff.  <u>Id.</u> at *2.

In <u>Lobaton,</u> it was alleged that the minor plaintiff, three (3) years old at the time, suffered serious emotional distress when police officers entered the mobile phone store in which plaintiff and his family were living, and physically assaulted and injured the minor plaintiff's mother and her adult son.  <u>Lobaton</u>, No. 15-CV-1416 GPC (DHB), 2017 WL 2298474, at *1 (S.D. Cal. May 26, 2017).  The minor plaintiff was approximately three (3) feet from the physical confrontation, witnessed the assault upon his mother and brother, and saw them being led out of the store in handcuffs.  <u>Id.</u>  The incident lasted approximately ninety (90) seconds.  <u>Id.</u>  The court approved a settlement for the minor plaintiff in the total amount of $10,000, with no attorneys' fees deducted from the amount to be paid to the minor plaintiff, and the adult plaintiff would additionally pay for the minor's past counseling costs in the amount of $3,180.  <u>Id.</u> at *3 ("Plaintiff suffered only modest emotional injuries as a result of the July 29, 2014 incident, and he was able to recover

---

assault under California Penal Code § 242; the seventh cause of action for negligence; the eighth cause of action for false imprisonment and illegal detention; the ninth cause of action for false arrest; and the tenth cause of action for negligent infliction of emotional distress.  (ECF No. 38.)  Thus while counsel states the recovery only pertains to the tenth cause of action, the Court is left to presume that means the other six causes of action are being settled without a monetary recovery rather than counsel thoroughly explaining the nature and course of the settlement between all of the claims.

1 | fully from his emotional injuries in under a year.").

2        In <u>Dumas</u>, the plaintiff parent alleged that police officers arrested her in her home after a

3 | neighbor complained that she had not returned a $20 horse harness he had lent her that day, and

4 | contended "she suffered injuries as a result of excessive force used by the officers during the

5 | arrest and that her then–7–year old daughter . . . saw the incident." <u>Dumas v. City of Elk Grove</u>,

6 | No. CIV 2:09-CV-1573-GEB, 2011 WL 2173727, at *1 (E.D. Cal. June 2, 2011).  The court

7 | approved a settlement of $250,000 to the parent, and $25,000 to each minor child, with $6,250

8 | deducted from each minor child for attorneys' fees, for a total of $18,750 to be distributed by

9 | fixed annuity to each minor plaintiff.  <u>Dumas v. City of Elk Grove</u>, No. 2:09-CV-01573-GEB,

10 | 2012 WL 2116390, at *1 (E.D. Cal. June 6, 2012).

11        Here, Plaintiff J.V. is to receive a total settlement amount of $10,000, with $2,500

12 | deducted for attorneys' fees, leaving a $7,500 net settlement amount.  The Court finds the "net

13 | amount distributed to [the] minor plaintiff  [J.V.] in the settlement is fair and reasonable, in light

14 | of the facts of the case, the minor's specific claim, and recovery in similar cases." <u>Robidoux</u>,

15 | 638 F.3d at 1181-82.  The settlement allows for certainty of recovery for minor Plaintiff J.V., as

16 | opposed to the uncertainty associated with continued litigation and a trial, particularly given the

17 | claims and facts underlying this action.   The Court finds the totality of the facts demonstrate the

18 | legitimate and fair compromise of the underlying dispute.  Additionally, Defendants have filed

19 | no opposition to the granting of the petition and no opposition to approving the proposed

20 | settlement agreement.

21        Attorneys' fees in the amount of twenty-five percent (25%) are the typical benchmark in

22 | contingency cases for minors.  <u>McCue v. S. Fork Union Sch. Dist.</u>, No. 1:10-CV-00233-LJO,

23 | 2012 WL 2995666, at *2 (E.D. Cal. July 23, 2012) ("It has been the practice in the Eastern

24 | District of California to consider 25% of the recovery as the benchmark for attorney fees in

25 | contingency cases for minors, subject to a showing of good cause to exceed that rate.").  While

26 | the amount of attorneys' fees is a consideration independent of whether the settlement amount is

27 | fair and reasonable, <u>Robidoux</u>, 638 F.3d at 1181-82, the Court notes that the fees to be deducted

28 | here are at the benchmark of 25%, and further, the costs of the action in the amount of $1,500,

1    have been wholly apportioned to the adult Plaintiff Vasquez.

2        Accordingly, for the reasons explained above, the Court finds the net amount of $7,500 to

3    be distributed to Plaintiff J.V. to be fair and reasonable, and shall recommend granting the

4    petition for approval of the settlement.  See Robidoux, 638 F.3d at 1181-82.

5                             **V.**

6      **RECOMMENDATIONS AND ORDER VACATING HEARING**

7        Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition to

8    compromise minor Plaintiff J.V.'s claims (ECF No. 42) be GRANTED and the settlement be

9    APPROVED.

10        This findings and recommendations is submitted to the district judge assigned to this

11   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen

12   (14) days of service of this recommendation, any party may file written objections to this

13   findings and recommendations with the Court and serve a copy on all parties.  Such a document

14   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

15   district judge will review the magistrate judge's findings and recommendations pursuant to 28

16   U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

17   time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th

18   Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

19        IT IS FURTHER ORDERED that the hearing set before the undersigned on April 21,

20   2021, is HEREBY VACATED.

21

22   IT IS SO ORDERED.

23   Dated:   **April 20, 2021**

                                         UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28